UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
  TIASHAWN AMBROSE, :
        Plaintiff, :
               :   12-CV-6721 (JPO)
    -v- :
               :   OPINION AND ORDER
  PETER DELL, M.D., and ANTHONY DARK, :
  M.D., :
        Defendants. :
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

  Plaintiff Tiashawn Ambrose filed this action *pro se* under 42 U.S.C. § 1983 alleging violations of his Fourteenth Amendment right to due process.  Defendants Peter Dell, M.D., ("Dell") and Anthony Dark, M.D., ("Dark") move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, the motion to dismiss is granted and Ambrose is given leave to amend his Complaint.

**I. Background**

  Unless otherwise indicated, the following factual allegations are taken from the Complaint (Dkt. No. 2), the Amended Complaint (Dkt. No. 20), and the Internal Complaint Ambrose filed against the New York City Health and Hospitals Corporation ("HCC") on May 25, 2012.  (Dkt. No. 26-1).  All allegations are assumed true for the purpose of this motion.

  **A. Factual Background**

  Ambrose is currently incarcerated at the Southport Correctional Facility in New York.[1] This action concerns two separate incidents in which Ambrose received injections of Haldol, an anti-psychotic, and Ativan, a sedative.  (Dkt. No. 54 ("Def's Mem.") at 6.)

---

[1] The Court takes judicial notice of this fact based upon a search of the New York Department of Corrections and Community Supervision's Inmate Population Information Search, using

1

The first injections occurred at some point between 2003 and 2004 at Kings County Hospital and Bellevue Hospital ("Bellevue").  Ambrose alleges that he received shots of both Haldol and Ativan, which caused severe side effects and limited his ability to function.  He alleges that the injections caused nerve damage; an uncontrollable twitch in his neck that locks his head to one side and prevents him from speaking; a loss of control over his body; depression; and nervousness that leads him to shake.  (*See* Dkt. No. 30 at 2.)

The second injections took place on March 24, 2013, when Ambrose, then a pretrial detainee, was taken to Bellevue's prison ward.[2]  When Ambrose arrived, several physicians administered shots of Haldol and Ativan.  (Dkt. No. 20 at 3.)  Hospital officials later told Ambrose that he had punched a hole in the wall, but Ambrose denies doing so.  (Dkt. No. 20 at 3; Dkt. No. 60 ("Pl.'s Opp.") at 2.)  It is not clear from the Complaint whether Ambrose is alleged to have punched a hole in the wall before or after he arrived at Bellevue.  Ambrose also asserts that prison doctors left him "without . . . follow-up" for his adverse reaction to the injections.  (Dkt. No. 20 at 3.)

B.     **Procedural Background**

On September 2, 2012, Ambrose filed this action against Bellevue and three John Doe hospital employees.  The Court thereafter dismissed the claims against Bellevue, amended the caption of the case to name HHC as a Defendant, and directed the City of New York to assist Ambrose in identifying the John Does.  (Dkt. No. 8.)  On June 4, 2013, Ambrose filed an Amended Complaint naming HHC, Dell, and Dark as Defendants.  (Dkt. No. 20.)  Dell and Dark

---

Ambrose's name and ID number, 13A0700.  *See* http://nysdoccslookup.doccs.ny.gov/ (last viewed March 1, 2016.)

[2] While Ambrose's original Complaint lists the date of the second injections as March 24, 2012, his Amended Complaint lists the year as 2013.

were not served with the Amended Complaint and did not file appearances.  HHC filed a motion to dismiss, which the Court granted on November 19, 2013.  (Dkt. No. 30.)

The Court thereafter directed Ambrose to effect service on Dell and Dark if he wished to proceed against the individual Defendants.  (Dkt. No. 35)  Ambrose served both Defendants, and on August 27, 2015, they filed a joint motion to dismiss.  (Dkt. No. 54.)

## II.     Legal Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Wilson v. Merrill Lynch & Co, Inc.*, 671 F.3d 120, 128 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 556 U.S. at 678).  In determining whether this standard is satisfied, courts assume that all "factual allegations contained in the complaint" are true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and draw "all inferences in the light most favorable to the non-moving party[]," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (Sotomayor, J.) (citation omitted).  A complaint "filed *pro se* is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.    Discussion

In its opinion dismissing Ambrose's claims against HHC, this Court construed the Amended Complaint to assert two claims under 42 U.S.C. § 1983 for violations of the Due

Process Clause of the Fourteenth Amendment: a claim for deliberate indifference to Ambrose's serious medical needs, and a claim for involuntary medication. (Dkt. No. 30 at 4.)

### A.     Deliberate Indifference

To state a claim for deliberate indifference, a pretrial detainee must show, first, that "the alleged deprivation of adequate medical care [was] sufficiently serious," and second, that the defendants were "subjectively reckless in their denial of medical care." *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (internal quotation marks and citation omitted); *see also Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) ("Claims for deliberate indifference . . . should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment.") In assessing the seriousness of an alleged deprivation of care, courts consider "whether the inmate's condition is sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). Factors in that analysis include (1) "whether a reasonable doctor or patient would find [the condition] important and worthy of comment"; (2) "whether the condition significantly affects an individual's daily activities"; (3) "and whether it causes chronic and substantial pain." *Id.* at 279 (citations, internal quotations, and alterations omitted). In analyzing the subjective prong of the deliberate indifference standard, courts ask whether the defendant acted or failed to act while aware of "a substantial risk that serious inmate harm [would] result." *Id.* at 280.

Ambrose has alleged a sufficiently serious deprivation: untreated nerve damage that causes him severe and chronic pain. But he has not explained what Dell and Dark did to bring about his current condition. *See Roland v. McMonagle*, No. 12-CV-6331, 2015 WL 5918179, at *4 (S.D.N.Y. Oct. 9, 2015) (Oetken, J.) ("[A] defendant must proximately cause a plaintiff's injuries to be liable under § 1983.") Beyond listing Dell and Dark in the caption, the Complaint

4

does not contain any factual allegations about their conduct.  Ambrose does not explain whether Dell and Dark were the doctors who administered his injections at Bellevue, or instead, were those who treated or failed to treat him at another time.  The Complaint also lacks factual allegations about (1) whether Ambrose refused or consented to the injections at Bellevue, (2) whether he told doctors at Bellevue about his previous reaction to the medications, (3) whether he reported his adverse reaction to the medication, and (4) whether and when doctors ignored any requests for medical care after the injections.

While the Court must and does construe all inferences in Ambrose's favor, it "cannot invent factual allegations that [he] has not [pleaded]."  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).  Without additional information about the role Defendants played in the events he alleges, and factual allegations that would permit the Court to infer reckless disregard for his healthcare, Ambrose cannot state a claim for deliberate indifference.

**B.     Involuntary Medication**

Pretrial detainees have "a constitutionally protected liberty interest in refusing unwanted medical treatment," including the unwanted administration of psychotropic medication.  *Pabon v. Wright*, 459 F.3d 241, 249 (2d Cir. 2006) (citation omitted); *see also Washington v. Harper*, 494 U.S. 210, 221 (1990) (recognizing a prisoner's "significant liberty interest in avoiding the unwanted administration of antipsychotic drugs"); *Inesti v. Hogan*, No. 11-CV-2596, 2013 WL 5677046, at *11 (S.D.N.Y. Sept. 30, 2013) (analyzing a claim of forced medication at a forensic psychiatric center).  That liberty interest can be "overridden in an emergency, where failure to medicate forcibly would result in a substantial likelihood of physical harm to that patient, other patients, or to staff members of the institution."  *Intesti*, 2013 WL 5677046, at *11.  To forcibly

medicate a detainee, however, a medical professional must make a finding of medical necessity. *Roland*, 2015 WL 5918179, at *3 (citing *Riggins v Nevada*, 504 U.S. 127, 135 (1992)).

The Complaint does not state whether Ambrose refused the injections at Bellevue. While Ambrose describes the injections as "not necessary," he does not explain whether he (1) feels now that they were unnecessary, or (2) declined consent to the injections at Bellevue. (*See* Dkt. No. 20). If Ambrose refused the medication and doctors nonetheless injected him, Ambrose's due process rights would be implicated, raising the question of medical necessity. Again, however, the Court cannot invent facts Ambrose has not alleged. *Chavis*, 618 F.3d at 170. On its face, the Amended Complaint does not contain sufficient factual assertions to state a claim for forced medication.[3]

## IV.  Conclusion

For the foregoing reasons, the motion to dismiss Ambrose's Amended Complaint is GRANTED. Ambrose is given leave to amend his complaint a second time. If Ambrose wishes to file a Second Amended Complaint, he must do so on or before April 23, 2016. If he does not file a Second Amended Complaint by that date, this dismissal shall be with prejudice. Ambrose may direct questions about this opinion to the *Pro Se* Office at:

> United States District Court of the Southern District of New York
> Pro Se Unit
> Daniel Patrick Moynihan United States Courthouse
> 500 Pearl Street, Room 200
> New York, New York 10007

---

[3] To the extent that the Amended Complaint can be construed to raise negligence and medical malpractice claims under state law, the Court declines to exercise supplemental jurisdiction over those claims at this time. *See* 28 U.S.C. § 1367(c)(3); *see also Kolari v. New York Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims.") (citation and alteration omitted).

The *Pro Se* Office is directed to send Ambrose a copy of the *pro se* manual.

The Clerk of Court is directed to close the motion at Docket Number 52.

SO ORDERED.

Dated: March 7, 2016
       New York, New York

_____
J. PAUL OETKEN
United States District Judge


*COPY OF THIS ORDER AND THE COURT'S INDIVIDUAL RULES OF PRACTICE IN PRO SE CASES MAILED TO PLAINTIFF BY CHAMBERS*